UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN L. HEADEN,<br><br>    Plaintiff,<br><br> v.<br><br>ASSET ACCEPTANCE, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:04-cv-2016-DFH-TAB<br>)<br>)<br>)<br>)<br>)<br>) |
| TAMMY A. EVORY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>RJM ACQUISITIONS FUNDING, LLC, a Delaware limited liability company,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:05-cv-0140-DFH-TAB<br>)<br>)<br>)<br>)<br>)<br>) |
| ANGELA T. HUBBARD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation, and MRC RECEIVABLES CORPORATION, a Delaware corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:05-cv-0216-DFH-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| ANGELA T. HUBBARD, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>M.R.S. ASSOCIATES, INC., )<br>a New Jersey corporation, )<br>)<br>Defendant. ) | CASE NO. 1:05-cv-0218-DFH-TAB |
| CHRISTIAN M. CLINE, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAVALRY PORTFOLIO SERVICES, LLC, )<br>a Delaware limited liability company, )<br>)<br>Defendant. ) | CASE NO. 1:05-cv-0792-DFH-TAB |
| CHRISTIAN M. CLINE, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation, and MRC RECEIVABLES CORPORATION, a Delaware corporation, )<br>)<br>Defendants. ) | CASE NO. 1:05-cv-0794-DFH-TAB |

ENTRY ON MOTIONS TO DISMISS AMENDED COMPLAINTS

In several parallel cases under the federal Fair Debt Collection Practices Act ("FDCPA"), the court granted motions to dismiss the original complaints. The principal opinion stating the reasons is reported as *Headen v. Asset Acceptance, LLC*, 383 F. Supp. 2d 1097 (S.D. Ind. 2005). The plaintiff-debtors in the cases allege that collection agencies violated the FDCPA by sending letters offering to settle the debts for less than face value without setting forth the collectors' best and final offers and by setting time limits on their offers. The theory has support from *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488, 495 (5th Cir. 2004), which reversed a summary judgment for the defendant and held that a settlement offer saying that the creditor would settle for 70 percent of the balance "only during the next thirty days" could violate 15 U.S.C. § 1692e(10) as a "false representation or deceptive means" if the debt collector was willing to settle on those terms at any time or if it was actually authorized to settle for only 50 percent of the balance.

None of the letters in these cases contained an explicit statement that the offers were one-time-only offers, as in *Goswami*, and this court distinguished them from *Goswami* on that basis. *Headen*, 383 F. Supp. 2d at 1104-05. At the same time, this court explained that plaintiffs' theories to apply and extend the reasoning of *Goswami* here would turn the FDCPA upside down by making it practically impossible for a debt collector to offer to settle a debt for less than full value. 383 F. Supp. 2d at 1106. In effect, the reasoning of *Goswami* would

require a debt collector to make its best and final offer as its first and only offer. If the debt collector extended the deadline by a day or dropped its demand by a dollar, it could be deemed to have violated the FDCPA, subjecting it to statutory damages and attorney fees.

In granting the motions to dismiss, the court gave plaintiffs an opportunity to amend their complaints. In several cases, plaintiffs have done so.[1] The amended complaints seek to use survey evidence to make the cases indistinguishable from *Goswami*. Plaintiffs allege that they intend to offer survey evidence to show that unsophisticated consumers would interpret limited-time settlement offers as *Goswami*-like "one-time offers," despite the absence of any direct indications in the letters that they were one-time offers. Plaintiffs attached a survey report to their amended complaint in *Headen v. Asset Acceptance, LLC*, No. 1:04-cv-2016, as Exhibit B to the Amended Complaint (Docket No. 36).

The survey reports on the results of 40 face-to-face interviews with mall shoppers. Those interviewed had no more than a high school education and did not work for banks, credit or collection companies, lawyers, or others who might

---

[1] Amended complaints have been filed in *Headen v. Asset Acceptance, LLC*, No. 1:04-cv-2016; *Evory v. RJM Acquisitions Funding, LLC*, No. 1:05-cv-0140; and *Hubbard v. M.R.S. Associates, Inc.*, No. 1:05-cv-0218. In the other cases addressed in this entry, the parties have relied upon the presentation of the issues in the lead cases, as part of the court's coordination of the management of these parallel cases under the able guidance of Magistrate Judge Baker.

be especially familiar with the business practices.  Each respondent was shown a sample letter offering to settle a debt for half of its face value.

> The body of the fictional letter in the survey states:
>
> You won't want to miss this settlement opportunity offered to you by Concord Credit Management, Inc., servicer of the above referenced account.
>
> Recognizing that you may have gone through some financial difficulty and have been unable to satisfy your account we would like to offer you a **positive and flexible option** to resolve your account for 50% off the Current Balance.
>
> > **If we receive payment by 04-10-2004 in the amount of $6,634.11, we will consider the account balance paid in full!**
>
> **CALL NOW!**  To take advantage of this opportunity, please contact us **TOLL-FREE at (800) 393-3755** and any of our Account Managers will be able to assist you.  When you call be sure to mention the confirmation number, 6H81.
>
> **MAIL!**  You may prefer to settle you [sic] Current Balance by using the Acceptance Certificate below.  Simply detach the form and enclose it with your $6,634.11 payment in the envelope provided.  In order to receive payment by 04-10-2004, please mail no later than 04-05-2004.

No. 1:04-cv-2016, Amended Cplt. (Docket No. 36), Attachment 4, p. 5.

After some preliminary questions to make sure the respondent understood that the letter was an offer to settle a debt, the following key question was asked:

> Please look at the letter again.  Let's say the person getting this letter decides not to accept the settlement offer by the payment due date. According to the letter, do you think that person would feel it is a one-time offer, or it is not a one-time offer?

No. 1:04-cv-2016, Amended Cplt., Ex. B at 15.[2]  According to the survey, 33 of 40 respondents (82.5%) answered that they thought the recipient would feel it was a "one-time offer."

Plaintiffs contend that this evidence would enable them to take advantage of *Goswami* by showing that limited-time offers to settle consumer debts are likely to deceive debtors and therefore violate the FDCPA as long as the debt collector would in fact be willing to extend the deadline or to repeat or sweeten the offer. If this theory is valid under the FCCPA, the only apparent ways to avoid the violation would be (a) not to make settlement offers; (b) to leave any settlement offer open indefinitely; or (c) to require the offeror to undermine its own offer by stating plainly that it might be (or is?) willing to make a better offer later (though the better later offer would itself be subject to the same scrutiny, *ad infinitum*). Options (b) and (c) are commercially impractical and defy common sense.  Thus, the remedy plaintiffs seek would use the FDCPA to punish settlement offers.  That would be an odd result for a statute that is intended to protect the consumer-debtors from abusive tactics by debt collectors.[3]

The court finds that the amended complaints should be dismissed with prejudice, essentially for the reasons stated in *Headen*, 383 F. Supp. 2d at 1103-

---

[2] The answer options were reversed in half the questions.

[3] The misuse of the FDCPA in this case echoes earlier efforts to misuse federal antitrust laws to prohibit pro-consumer, pro-competitive practices.  See generally Robert H. Bork, *The Antitrust Paradox* (1978); Richard A. Posner, *Antitrust Law: An Economic Perspective* (1976).

07. Plaintiffs are seeking to apply the FDCPA in a way that would run counter to its purpose, based on an unreasonable interpretation of both the law and the settlement offers in question.

In addition, as a matter of law under the applicable legal standard, the settlement offers simply are not confusing, misleading, or deceptive. To determine if collection letters violate the FDCPA, courts "examine the letters from the standpoint of the so-called unsophisticated consumer or debtor." *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005), citing *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564-66 (7th Cir. 2004) (reviewing § 1692e, § 1692f, and § 1692g claims under unsophisticated consumer/debtor standard). In this case, it is especially important to recall that "[w]hile the unsophisticated debtor is considered 'uninformed, naive, or trusting,' he is nonetheless deemed to possess 'rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences.'" *Id.* (internal quotations omitted). Also, "the unsophisticated-debtor standard is an objective one and is not the same as the rejected least-sophisticated-debtor standard; accordingly, we disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Id.*

In light of this standard, a few brief comments are in order about the survey attached to the amended complaint. First, the key question in the survey itself both raises the issue and suggests the answer. The letter itself says nothing

about there being a "one-time offer." It is simply silent on the question. Second, the key question does not ask respondents how *they* interpret the offer. It asks them only what they think *another* person receiving the letter would "feel" about the offer.

Most important, the phrase "one-time offer" in the survey question masks an important ambiguity. The phrase in the survey question (it is *not* in the letter) could mean that the letter makes only one offer and is simply silent as to whether it might be extended and/or whether any other offer might be made in the future. The phrase "one-time offer" could also mean that the offer will never be extended and that no other offer will ever be extended in the future.

The first meaning would be perfectly lawful even under plaintiff's theory. The second meaning would be unlawful under plaintiff's theory. The problem is that if the right question is asked directly – something like: "Does this letter mean to you that this offer will never extend the deadline and that no other or better offer will be made in the future?" – the only reasonable answers would be "no" or "I don't know." Plaintiffs seek to impose an interpretation based on sheer speculation and guesswork about what the debt collector might do in the future if the recipient does not accept the offer. A recipient can engage in such speculation or guesswork about the future if he wishes to, but his guesswork should not, if it is wrong, transform the letter into a violation of the law by the sender that entitles the recipient to $1,000 plus attorney fees.

The court is fully aware of the generous standard that applies to plaintiffs opposing motions to dismiss under Rule 12(b)(6) and for judgment on the pleadings under Rule 12(c). Dismissal at this stage is warranted because the underlying question turns on the interpretation of written documents that are attached to the complaints. In a clear case, the court may determine as a matter of law whether a letter is misleading or deceptive. See *Taylor v. Cavalry Investment, L.L.C.*, 365 F.3d 572, 575 (7th Cir. 2004) (affirming judgment on pleadings and summary judgment despite affidavits claiming letter was confusing); *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944, 948 (7th Cir. 2004) ("The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it."), quoting *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000).

The court is also aware that survey evidence can be used in FDCPA cases to show how readers unburdened by a legal education or other experience or education in business and legal matters might interpret collection notices. See *Durkin*, 406 F.3d at 419, 422-23 (affirming summary judgment for defense after finding that district court properly rejected survey evidence as irrelevant and unreliable); *Chuway*, 362 F.3d at 948; *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1062 (7th Cir. 2000); see also *Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999) (explaining that survey evidence under the FDCPA would be useful only if it included some benchmark measure comparing the understanding of lawful notices, since one would expect

some level of confusion among unsophisticated consumers even of perfectly lawful notices).

Survey evidence may not be used to turn black into white or to add meanings on the basis of speculation or guesswork as to what the creditor might do in the future. As noted, the applicable legal standard is an objective one, assuming a reader is unsophisticated but reasonable. *E.g., Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (test under § 1692e is objective, "turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer"); *Jang v. A.M. Miller & Associates*, 122 F.3d 480, 484 (7th Cir. 1997) (unsophisticated consumer standard includes objective element of reasonableness, which protects debt collectors from unrealistic or peculiar interpretations of collection letters). If it would be unreasonable to twist or add to the meaning of a communication, as in this case, then even the support of a survey is not enough.

This court's reasoning should not be interpreted as opening a door for deception of consumer-debtors about many subjects governed by the FDCPA. Debt collectors must provide accurate information about the nature of the communication, the amount of the debt, the terms of the debt, the identities of the collector and the creditor, among others. See 15 U.S.C. §§ 1692b, 1692e. Also, the FDCPA prohibits threats of future action by the debt collector that is not

otherwise lawful. See 15 U.S.C. § 1692e(4), (5). The specific statutory provisions regarding these matters tend to indicate that Congress did not intend to regulate settlement negotiations by requiring a debt collector to make its first offer its best and final offer. This court's reasoning is limited to statements about the debt collector's settlement negotiation position and practices.

Accordingly, for the reasons set forth above and in *Headen v. Asset Acceptance, LLC*, 383 F. Supp. 2d 1097 (S.D. Ind. 2005), the court grants the following motions. In *Headen v. Asset Acceptance, LLC,* No. 1:04-cv-2016, the court grants defendant's motion to dismiss the amended complaint (Docket No. 40) and its supplemental motion to dismiss the amended complaint (Docket No. 42). In *Evory v. RJM Acquisitions Funding, LLC,* No. 1:05-cv-0140, the court interprets defendant's motion to strike the amended complaint (Docket No. 35) as a motion to dismiss and grants the motion. In *Hubbard v. Midland Credit Management, Inc.*, No. 1:05-cv-0216, the court grants the motion to enter judgment in defendants' favor (Docket No. 36), for the parties in that case have simply adopted the arguments made in the other cases. In *Hubbard v. M.R.S. Associates, Inc.*, No. 1:05-cv-0218, the court grants defendant's motion to dismiss the amended complaint (Docket No. 35). In *Cline v. Cavalry Portfolio Services, LLC,* No. 1:05-cv-0792, the court grants the motion to dismiss (Docket No. 18). Although there has been no amended complaint in that case, it is clear that plaintiff Cline is relying on the same allegations and theories so that any amendment he might make would be futile. In *Cline v. Midland Credit*

*Management, Inc.*, No. 1:05-cv-0794, the court grants defendants' motion to enter judgment for defendants (Docket No. 36), which, like the motions in *Hubbard v. Midland Credit Management, Inc.*, simply adopts the arguments from the other cases. The court will enter final judgment dismissing these six actions with prejudice.

Finally, the court denies the defendant's motion for sanctions filed in *Evory v. RJM Acquisitions Funding, LLC*, No. 1:05-cv-0140. In amending the complaint, plaintiff was not required to accept this court's decision as the last word on the legal issues presented here. Plaintiffs were entitled to use the opportunity to dress up the complaints for purposes of appeal, if the court adhered to its view that the basic theory is groundless. Also, although this court views the plaintiff's theory as groundless, other courts have taken a different view, as the Fifth Circuit did in *Goswami* itself. See also *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766 (N.D. Ill. 2005) (dismissing complaint but collecting conflicting cases); *Headen*, 383 F. Supp. 2d at 1104-05 (same). Accordingly, the plaintiff's effort to amend the complaint is not unreasonable or frivolous and is not sanctionable.

So ordered.

Date: March 28, 2006

*David F. Hamilton*
DAVID F. HAMILTON, JUDGE
United States District Court

Copies to:

John D. Blythin
EDELMAN COMBS LATTURNER & GOODWIN LLC
jblythin@edcombs.com

Cathleen Maria Combs
EDLEMAN COMBS & LATTURNER
ccombs@edcombs.com

Daniel A. Edelman
EDELMAN COMBS & LATTURNER LLC
courtecl@aol.com

Corinne Cantwell Heggie
HINSHAW & CULBERTSON LLP
cheggie@hinshawlaw.com

James O. Latturner
EDELMAN COMBS LATTURNER GOODWIN
jlatturner@edcombs.com

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com

Derek Bryant Rieman
EDELMAN COMBS LATTURNER GOODWIN
drieman@edcombs.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

Steven James Halbert
shalbertlaw@aol.com

Amy R. Jonker
MESSER & STILP LTD.
jonker@messerstilp.com

Joseph Shaw Messer
MESSER & STILP LTD.
messer@messerstilp.com

David J. Philipps
GOMOLINSKI & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
GOMOLINSKI & PHILIPPS, LTD
mephilipps@aol.com

L. Craig Turner
FOLEY & POOL
craig@cturnerlaw.com

Maria Lenore Whiteman
MESSER & STILP LTD.
whiteman@messerstilp.com

Tomio B. Narita
WINEBERG SIMMONDS & NARITA LLP
tnarita@wsnlaw.com

Michael Richard Simmonds
WINEBERG SIMMONDS & NARITA LLP
msimmonds@wsnlaw.com

Jeffrey A. Topor
WINEBERG SIMMONDS & NARITA LLP
jtopor@wsnlaw.com

David Luther Hartsell
MCGUIRE WOODS LLP
dhartsell@mcguirewoods.com

Brian Patrick O'Meara
MCGUIRE WOODS
bomeara@mcguirewoods.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com