UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMMY A. EVORY, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) RJM ACQUISITIONS FUNDING, LLC, ) a Delaware limited liability company, ) ) Defendant. ) | CASE NO. 1:05-cv-0140-DFH-TAB |

ENTRY ON PLAINTIFF'S MOTION TO DISMISS

In the wake of *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004), plaintiff Tammy Evory and several other similar debtors represented by the same attorneys brought similar claims under the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, claiming they were the victims of a plot to deceive them into settling their apparently valid debts by paying only a fraction of the sums owed. This court and others rejected the theory, reasoning in part that receipt of a settlement offer that is something less than the creditor's best and final offer would not deceive a debtor in violation of the FDCPA.[1] Nevertheless, both the Fifth Circuit in *Goswami* and the Seventh

---

[1] This view was developed by this court at greater length in the original decision dismissing this and similar actions for failure to state a claim, *Headen v. Asset Acceptance, LLC*, 383 F. Supp. 2d 1097, 1103-06 (S.D. Ind. 2005), and by a number of other district courts. See, *e.g., Gully v. Van Ru Credit Corp.*, 381 F.
(continued...)

Circuit in Ms. Evory's case held that such a claim is at least theoretically viable under the FDCPA. See *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769 (7th Cir. 2007) (resolving several parallel appeals). The Seventh Circuit made it clear, however, that plaintiff Evory could not succeed without evidence from a credible survey to show that a sufficiently large segment of unsophisticated debtors would probably be deceived by the settlement offers. *Id.* at 776 (affirming summary judgment for defendant in consolidated appeal where survey evidence was not sufficient to show actual deception).

Because of the limits on recovery under the FDCPA – $1,000 for an individual victim who cannot show actual injury, and one percent of the defendant's net worth in a class action – Ms. Evory and her attorneys have concluded that the prospects of success are slim enough that it is not worth spending $25,000 or more to conduct the survey. She has moved to dismiss her case with prejudice, but without payment of costs. Defendant argues that the dismissal should be with costs and that the court should retain jurisdiction to entertain a motion for sanctions and should order plaintiff to appear for a deposition.

Whatever potential there might actually have been for these settlement offers to be deceptive, the cure is remarkably simple: a caution from the debt

---

[1](...continued)
Supp. 2d 766, 771-72 (N.D. Ill. 2005).

collector that "We are not obligated to renew this offer." See *Evory*, 505 F.3d at 776 (adopting safe harbor language); cf. *Headen v. Asset Acceptance, LLC*, 383 F. Supp. 2d 1097, 1101 (S.D. Ind. 2005) (reversed by *Evory*; finding as much implicit in such offers, as a matter of law). That is what this litigation has accomplished for debtors.[2]

It is time to bring this matter to an end. Plaintiff's motion to dismiss is hereby granted, and the dismissal is with prejudice, and without costs. A court always retains jurisdiction to address matters of sanctions, even if it had no subject matter jurisdiction over the underlying case. See *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992) (affirming Rule 11 sanction imposed after dismissal of underlying case for lack of subject matter jurisdiction); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) (affirming Rule 11 sanction imposed against plaintiffs and their attorneys after voluntary dismissal of underlying case).[3] It's also worth noting that sanctions motions can sometimes themselves deserve an award of sanctions. See, *e.g.*, *Franklin v. H.O. Wolding, Inc. Group Health and Welfare Plan*, 2004 WL 3059789, *6-7 (S.D. Ind. Dec. 8, 2004) (awarding plaintiff sanctions based on defendants' groundless sanctions motions).

---

[2] It is not clear how the Seventh Circuit's safe harbor language regarding extension of an offer addresses plaintiffs' claims that the debt collectors might be willing to settle for less money than the initial offer.

[3] The "safe harbor" amendment to Rule 11 modified the ruling of *Cooter & Gell* in part, but the amendment did not affect the point that is relevant here. See *De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 257 n. 4 (S.D.N.Y. 2003), aff'd in relevant part, *De La Fuente v. DCI Telecomms., Inc.*, 82 Fed. Appx. 723 (2d Cir. 2003).

The court will enter final judgment dismissing the case with prejudice, each party to bear her or its own costs.

So ordered.

Date: November 12, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Steven James Halbert
shalbertlaw@aol.com

David Luther Hartsell
MCGUIRE WOODS LLP
dhartsell@mcguirewoods.com

Amy R. Jonker
MCGUIRE WOODS LLP
ajonker@mcguirewoods.com

David J. Philipps
PHILIPPS & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
PHILIPPS & PHILIPPS, LTD
mephilipps@aol.com